# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DON LEATHERWOOD, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-13-1149-HE |
| ) | |
| JOE M. ALLBAUGH, Interim Director ) | |
| of the Oklahoma Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Michael Don Leatherwood, a state prisoner appearing through counsel, filed this application for writ of habeas corpus under 28 U.S.C. § 2241. Consistent with 28 U.S.C. § 636(b)(1)(B) & (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell, who has recommended the petition be denied. Petitioner has filed an objection to the report and recommendation, triggering de novo review of his claims. Applying that standard, the court concludes the Report and Recommendation should be adopted and the petition denied.

This case centers on the revocation of petitioner's suspended sentences in August 2010. In May of 2009, petitioner pled guilty in Oklahoma state court to six charges involving the rape of his wife. Judge Kenneth Watson sentenced petitioner to six concurrent terms of twenty years, which were suspended except as to the first 90 days. After the first 90 days, the terms were subject to probation conditions which included the following special condition for sex offenders: "The [u]ndersigned [d]efendant [s]hall . . . [n]ot date, socialize,

1

or enter into a romantic or sexual relationship with any person who has children under the age of eighteen (18) years present in their residence or custody at any time." Doc. No. 2-17.[1]

In September 2009, before petitioner's 90-day jail term was scheduled to start, the state sought revocation of the suspended sentences based on his violation of multiple probation conditions, including the one referenced above. At the revocation hearing, evidence was offered that petitioner was in a dating relationship with Regina Wood, a mother of two children. Five years of petitioner's suspended sentences were revoked, and Judge Watson admonished petitioner that his relationship with Ms. Wood was prohibited.

In April of 2010, the state applied for revocation of the remainder of petitioner's suspended sentences, alleging that he had continued his relationship with Ms. Wood in violation of the same condition. The revocation application alleged that while petitioner was in jail he had phone conversations and mail correspondence with Ms. Wood and her children, and that he attempted to hide his communications from the authorities by using log-in information of other inmates. Prior to the revocation hearing, Judge Watson recused himself and the case was transferred to Judge Tammy Bass-LeSure. At the hearing on August 3, 2010, Judge Bass-LeSure determined the alleged violations were established by a preponderance of the evidence and revoked the remainder of petitioner's suspended sentences.

Petitioner unsuccessfully appealed the 2010 revocation to the Oklahoma Court of

---

[1]*References to filed documents are based on the document numbering and pagination employed by the court's electronic filing system.*

Criminal Appeals. He was later denied post-conviction relief in Oklahoma County District Court, and his appeal of that denial was also unsuccessful.

In his federal habeas petition, petitioner asserts seven grounds for relief. In ground one, he challenges the applicability of the probation conditions to him on the basis of the Due Process clause of the U.S. Constitution. Specifically, he claims that conditions of probation could not apply to him while he was incarcerated and that the conditions are vague and overbroad.

In ground two, he challenges the sufficiency of the evidence at the revocation hearing. He asserts the evidence did not establish that Ms. Wood had custody of her children at the time of her communications with petitioner, that the judge applied the wrong burden of proof, and that the evidence presented was hearsay. In ground three, petitioner argues that the improper admission of hearsay evidence resulted in a due process violation.[2]

In ground four, petitioner asserts that Judge Bass-LeSure was biased against him and revoked his sentence because she was prejudiced by her view of the underlying crimes of conviction. This, petitioner argues, deprived him of his due process right to a fair trial.

In ground five, petitioner claims that, at the time of the revocation hearing, Judge Bass-LeSure was under investigation for unrelated criminal offenses by the same district attorney's office that was prosecuting petitioner's case. Petitioner asserts this created a judicial conflict that deprived him of his due process right to a fair trial.

---

[2]*Petitioner originally asserted that this also violated his confrontation right under the Sixth Amendment, but now concedes that right does not apply to revocation proceedings.*

In ground six, petitioner asserts his counsel at the revocation proceeding provided ineffective assistance because the attorney did not raise some of the abovementioned objections at the hearing. Petitioner further asserts that his counsel from the prior hearing failed to appear at the September 2009 hearing because that attorney had himself been charged with criminal offenses and had been arraigned just prior to the later revocation hearing.

In ground seven, petitioner asserts the cumulative effect of the various alleged errors violated his due process right to a fair trial.

Judge Mitchell correctly reviewed petitioner's application under the de novo standard applied to § 2241 petitions, without deference to state court findings as would be applicable to a § 2254 petition. That standard is applied here.

With respect to ground one, the Report and Recommendation concluded that petitioner's argument that probation conditions could not be violated while he was incarcerated is a matter of Oklahoma state law and hence not a basis for federal habeas relief, absent a showing of arbitrary disregard of state law. Petitioner asserts in his objection that Oklahoma law defines probation as including an element of release by the court. See 22 Okla. Stat. § 991a(E). As such, petitioner argues, the statute created a liberty interest in petitioner of which he was deprived when the balance of the suspended sentences were revoked. He argues that while the central issue is one of state law, it also involves the violation of a federally protected right.

To the extent petitioner claims that the statutory definition of probation creates a

liberty interest during his incarceration, which he was somehow deprived of by applying the probation conditions to him, the argument is circular and meritless. It is true that release from incarceration generally gives rise to a liberty interest inherent in the Due Process Clause, even when the release is subject to parole conditions. Boutwell v. Keating, 399 F.3d 1203, 1212 (10th Cir. 2005). Similarly, there is a liberty interest in the suspended portion of a sentence which a defendant cannot be deprived of without due process. But petitioner's challenge is not to the procedure that was used to revoke his sentence, but rather to the substantive state law basis for it. The Report and Recommendation correctly explains that this ground can only warrant federal habeas relief if the state court arbitrarily disregarded state law. Cummings v. Sirmons, 506 F.3d 1211, 1237–38 (10th Cir. 2007) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

To be arbitrary in this context, the challenged action must shock the judicial conscience. Dean v. Okla. Dept. of Corrections, 222 F. App'x 790, 793 (10th Cir. 2007) (citing Aycox v. Lytle, 196 F.3d 1174, 1180 (10th Cir. 1999)). It must be egregious, outrageous, and "unrestrained by the established principles of private right and distributive justice." Hernandez v. Ridley, 734 F.3d 1254, 1261 (10th Cir. 2013) (internal citations and quotation marks omitted). Petitioner asserts that the application of probation conditions to him during his incarceration was incorrect and arbitrary. But even if the state court's interpretation and application of state law was incorrect, it was not obviously so or so egregious as to shock the judicial conscience in the circumstances existing here. As the Report and Recommendation observes, petitioner was explicitly warned at his first

5

revocation hearing that his continued relationship with Ms. Wood was prohibited as long as she retained custody of her children. Petitioner did not question or challenge the warning at that hearing, and his efforts to hide his continued relationship while incarcerated indicate that he understood the restriction to apply in that setting.

As to the remainder of petitioner's ground one arguments, the court agrees with the analysis in the Report and Recommendation and further discussion is unnecessary here.

As to ground two, petitioner objects to the Report and Recommendation's analysis on the basis it did not address the entirety of his claim. Specifically, he asserts that the evidence of the relationship between petitioner and Ms. Wood offered at the second revocation hearing was hearsay and that his objection to it was not discussed in the Report and Recommendation. However, the Report and Recommendation does discuss the issue of the hearsay evidence under ground three and the analysis is equally applicable to ground two. Having reviewed petitioner's claim de novo, the court concludes that petitioner has not shown the admission of such evidence to be a denial of his constitutional rights.

The remainder of petitioner's objections are substantially a restatement of the positions he urged in the original petition and are appropriately addressed by Judge Mitchell's thorough report. For the reasons stated in the report, as supplemented by the court's comments here, the Report and Recommendation [Doc. No. 35] is **ADOPTED**. The petition for writ of habeas corpus [Doc. No. 1] is **DENIED**. The motions to supplement the petition [Doc. Nos. 21 and 27] and the motion for evidentiary hearing [Doc. No. 2, at 89] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE